# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-695V
**Filed: February 26, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * | UNPUBLISHED |
| MARK LATTIMORE, | |
| | Special Master Hamilton-Fieldman |
| Petitioner, | |
| | Joint Stipulation on Damages; |
| v. | Influenza ("Flu") Vaccine; Reactive |
| | Arthritis; Serum Sickness; |
| SECRETARY OF HEALTH | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | Reasonable Amount Requested To |
| | Which Respondent Does Not Object. |
| Respondent. | |
| * * * * * * * * * * * * * * * | |

Andrew Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Gordon Shemin, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On August 4, 2014, Mark Lattimore ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that an influenza ("flu") vaccine administered to him on October 14, 2013 caused him to suffer from reactive arthritis and serum sickness.

On February 25, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation and attorneys' fees.  Respondent denies that the flu

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

immunization caused any injury to Petitioner.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages and attorneys' fees, on the terms set forth therein.

The parties stipulate that Petitioner and his attorney shall receive the following compensation:

**A lump sum of $77,500.00, in the form of a check payable to Petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a);**

**A lump sum of $15,178.14 in the form of a check jointly payable to Petitioner and Petitioner's attorney, Andrew D. Downing, and Van Cott & Talamante, PLLC, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e); and**

**A lump sum of $2,201.04 in the form of a check jointly payable to Petitioner and Petitioner's attorney, Andrew D. Downing, and Hennelly & Steadman PLC, for all remaining attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**  In compliance with General Order #9, Petitioner represents that he incurred no personal, out-of-pocket expenses in proceeding on the petition.

Stipulation ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation and for attorneys' fees.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MARK LATTIMORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 14-695V |
| v. | ) Special Master Hamilton-Fieldman |
| | ) ECF |
| | ) |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Respondent. | ) |
| | ) |

<u>STIPULATION</u>

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the seasonal influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received his flu vaccination on or about October 14, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused him to develop serum sickness and reactive arthritis.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of his condition.

6. Respondent denies that the flu immunization caused any injury to petitioner.

7.  Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a.  A lump sum of $77,500.00 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a);

   b.  A lump sum of $15,178.14 in the form of a check payable jointly to petitioner, Andrew D. Downing, and Van Cott & Talamante, PLLC, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e); and

   c.  A lump sum of $2,201.04 in the form of a check payable jointly to petitioner, Andrew D. Downing, and Hennelly & Steadman PLC, for all remaining attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).  In compliance with General Order #9, petitioner incurred no out-of-pocket litigation expenses proceeding on the petition.

9.  Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10.  Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12.  In return for the payments described in paragraph 8, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on or about October 14, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about August 4, 2014, in the United States Court of Federal Claims as petition No. 14-695V.

13.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to

make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused any injury to petitioner.

17.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

MARK LATTIMORE

**ATTORNEY OF RECORD FOR PETITIONER:**

ANDREW D. DOWNING
Van Cott & Talamante, PLLC
2025 N. Third Street, Suite 260
Phoenix, Arizona 85004
(602) 257-9160

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Vaccine Injury
Compensation Programs (DICP),
Healthcare Systems Bureau, U.S. Department
Of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: 25 February 2015